**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AMANDA C. ORTIZ, N/K/A <br> AMANDA C. ESTREMERA, <br><br> Plaintiff <br><br> VS. <br><br> COLLECTO, INC., D/B/A EOS CCA <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT – JURY TRIAL DEMANDED**

1.  This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3.  Plaintiff, Amanda C. Ortiz, N/K/A Amanda C. Estremera (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4.  Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Collecto, Inc., D/B/A EOS CCA (or "Defendant"), is the collection of debts using the mails and telephone.

6. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut.

7. Upon information and belief and at all times relevant hereto, Defendant is a corporation organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business in Norwell, Massachusetts. Defendant is registered as a foreign corporation with the Connecticut Secretary of State, and, upon information and belief, EOS CCA is a trade name utilized by Defendant.

## FACTUAL ALLEGATIONS

8. Beginning on or before March, 2015, Defendant initiated a campaign of harassment against Plaintiff.

9. The Defendant's actions concerned an alleged student loan account with Navient (Private Credit).

10. The Plaintiff had entered into a payment arrangement with Defendant wherein Plaintiff was paying the sum of $135.00 per month, which was to be applied towards the alleged Navient debt.

11. Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

12. On or about March 25, 2015, the Plaintiff received a letter from the Defendant. The letter was dated March 18, 2015.

13. The March 18, 2015 letter proceeded to state as follows: "As a result of your continued failure to address the above referenced account, we have informed our client that you have not paid this debt nor made arrangements to pay." Attached hereto and made a part hereof is a true and accurate copy of the March 18, 2015 letter annexed as Exhibit "**A**."

14. The statements contained in the March 18, 2015 letter was false inasmuch as Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

15. The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a (6).

16. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

17. At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (See, 15 U.S.C. 1692 e).

18. Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

19. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

### Claims for Relief

### I.   First Count -- Defendant's Violation of 15 U.S.C. §1692 e (2)(A)

20. Paragraphs 1-19 are re-alleged, as if fully re-stated.

21. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

22. Beginning on or before March, 2015, Defendant initiated a campaign of harassment against Plaintiff.

23. The Defendant's actions concerned an alleged student loan account with Navient (Private Credit).

24. The Plaintiff had entered into a payment arrangement with Defendant wherein Plaintiff was paying the sum of $135.00 per month, which was to be applied towards the alleged Navient debt.

25. Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

26. On or about March 25, 2015, the Plaintiff received a letter from the Defendant. The letter was dated March 18, 2015.

27. The March 18, 2015 letter proceeded to state as follows: "As a result of your continued failure to address the above referenced account, we have informed our client that you have not paid this debt nor made arrangements to pay." Attached hereto and made a part hereof is a true and accurate copy of the March 18, 2015 letter annexed as Exhibit "**A**."

28. The statements contained in the March 18, 2015 letter was false inasmuch as Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

29. Defendant's violation of 15 U.S.C. §1692 e (2)(A) constituted a violation of the FDCPA.

30. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### II. Second Count -- Defendant's Violation of 15 U.S.C. § 1692 (e) (10)

31. Paragraphs 1-19 are re-alleged as if fully re-stated.

32. 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

33. Beginning on or before March, 2015, Defendant initiated a campaign of harassment against Plaintiff.

34. The Defendant's actions concerned an alleged student loan account with Navient (Private Credit).

35. The Plaintiff had entered into a payment arrangement with Defendant wherein Plaintiff was paying the sum of $135.00 per month, which was to be applied towards the alleged Navient debt.

36. Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

37. On or about March 25, 2015, the Plaintiff received a letter from the Defendant. The letter was dated March 18, 2015.

38.     The March 18, 2015 letter proceeded to state as follows: "As a result of your continued failure to address the above referenced account, we have informed our client that you have not paid this debt nor made arrangements to pay."  Attached hereto and made a part hereof is a true and accurate copy of the March 18, 2015 letter annexed as Exhibit "**A**."

39.     The statements contained in the March 18, 2015 letter was false inasmuch as Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

40.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**III.    Third Count -- Defendant's Violation of the Connecticut Unfair Trade Practices Act**

41.     Paragraphs 1-19 are re-alleged as if fully re-stated.

42.     Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

43.     Beginning on or before March, 2015, Defendant initiated a campaign of harassment against Plaintiff.

44. The Defendant's actions concerned an alleged student loan account with Navient (Private Credit).

45. The Plaintiff had entered into a payment arrangement with Defendant wherein Plaintiff was paying the sum of $135.00 per month, which was to be applied towards the alleged Navient debt.

46. Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

47. On or about March 25, 2015, the Plaintiff received a letter from the Defendant. The letter was dated March 18, 2015.

48. The March 18, 2015 letter proceeded to state as follows: "As a result of your continued failure to address the above referenced account, we have informed our client that you have not paid this debt nor made arrangements to pay." Attached hereto and made a part hereof is a true and accurate copy of the March 18, 2015 letter annexed as Exhibit "**A**."

49. The statements contained in the March 18, 2015 letter was false inasmuch as Plaintiff's banking records indicate that, as far back as April, 2014, Plaintiff was regularly remitting payments of $135.00 per month to Defendant.

50. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

51.     Simply, the Defendants engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

52.     A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

53.     By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Such other and further relief as the Court deems just;

THE PLAINTIFF,
AMANDA C. ORTIZ, N/K/A
AMANDA C. ESTREMERA

By: ___/s/ Roderick D. Woods, Esq._____
Roderick D. Woods, Esq.
(ct29447)
The Woods Law Firm, LLC
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.)
(860) 371-3242 (Fax)
rwoods@rdw-law.com
Attorney for Plaintiff